# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No. 6:04-cr-111-Orl-31JGG**

**AARON ERIC WILLIAMS**

_____

### MEMORANDUM SENTENCING OPINION

Defendant, Aaron Eric Williams, is a 29 year old male who has engaged in a consistent

pattern of criminal conduct since age 16. In his teenage years, he was charged on several

occasions with assault and battery and possession of marijuana (PSR ¶¶31-35). In his 20s, this

conduct continued. In addition to incidents of domestic violence, Williams sustained 8

convictions for the possession of, or possession with intent to distribute, illegal drugs (marijuana

and cocaine). As a result of these drug offenses, he was sentenced to a total of approximately 3

1/2 years in state confinement (PSR ¶¶37-47). In essence, Williams has been, for many years, a

petty drug dealer.

Apparently frustrated with the state's lenient treatment of Williams' drug offenses, the

authorities decided to pursue a different approach–the draconian imprimatur of the federal drug

laws. So, the DEA, in cooperation with the Osceola County Sheriff's office, used a confidential

source to arrange for an undercover agent to buy crack cocaine from Williams. This was done on

three separate occasions between April and July of 2003. On these occasions, Williams sold the

agent a total of 34.8 grams of crack for a total price of $3,140. (PSR ¶10).

Armed with this evidence, which was captured on videotape, the government charged Williams in a three-count Indictment (Doc. 1).  On the morning of trial, before the jury was empaneled, the government filed an Information (Doc. 45), pursuant to 21 U.S.C. §851(a), indicating an intention to seek enhanced punishment.  On February 1, 2005, the jury returned a verdict of guilty on all three counts (Doc. 43), and sentencing was scheduled for May 3, 2005.

On April 20, 2005, probation submitted a Presentence Investigation Report ("PSR").  In the PSR's guideline-sentence scoring, Williams was credited with dealing 34.8 grams of crack, which produced an offense level of 28.[1]  His criminal history was a category VI.  A score of 28-VI would produce a guideline sentencing range of 140-185 months.  Nevertheless, as a result of the career-offender enhancement under U.S.S.G. 4B1.1, compounded by the 21 U.S.C. § 851 enhancement, Williams' offense level was raised to 37, which produced a guideline sentencing range of 360 months to life.

At sentencing, defense counsel did not object to the factual content of the PSR, nor did he object to the scoring.  Rather, he urged the Court to use its discretion under *Booker*[2] to fashion a just sentence, considering all the factors set forth in 18 U.S.C. § 3553.

In response, the government argued that any sentence, other than a guideline sentence, would be unreasonable (and thus illegal).  This contention is consistent with the policy of the

---

[1]The government essentially controls the offense level, by reason of its undercover purchasing decisions.

[2]*United States v. Booker*, 543 U.S. ____, 125 S.Ct. 738 (2005).

Department of Justice to oppose as unreasonable <u>any</u> sentence that falls below the applicable guideline sentencing range, save those the Department authorizes in its sole discretion.[3]

In *Booker*, the United States Supreme Court held the mandatory nature of the sentencing guidelines to be unconstitutional. Thus, post-*Booker*, the guidelines are advisory only and must be considered along with the factors set forth in 18 U.S.C. § 3553. The government's policy, however, is at odds with *Booker*. In essence, the Department of Justice continues to treat the guidelines as mandatory, by asserting that the Court has no discretion to deviate therefrom. Thus, while paying lip service to *Booker* and the statute, the government flouts the efficacy of the Supreme Court's opinion.

One of the factors that the Court is instructed to consider in fashioning a reasonable sentence is to "promote respect for the law." 18 U.S.C. § 3553 (a)(2)(A). Yet, the government itself shows no respect for the rule of law when it consistently advocates a policy which ignores a specific pronouncement of our nation's highest court.

The crux of the government's position appears to be an effort to completely usurp the Court's sentencing function. The government already wields substantial authority over the sentencing process by reason of its discretion in the way it investigates, charges and prosecutes

---

[3]The government appears not to be concerned with sentences in excess of the guideline range. *See* James P. Comey, Deputy Attorney General, U.S. Dept. of Justice, *Department Policies and Procedures Concerning Sentencing*, January 28, 2005 ("DOJ Sentencing Policy Memo"). (Exhibit A at 2-4).

criminal conduct.[4]  Now, it seeks to control the end result as well by strictly limiting the Court's discretion to a guideline sentence.[5]

Criminal behavior can fuel public outcry and drive broad legislative and executive agendas to get "tough on crime."  But how does that translate to specific instances?  If you take a matrix to factor offense severity, overlay it with mandates born of popular outrage, and tailor it purportedly to address almost every eventuality, you get "justice" dictated in advance, marked by visceral condemnation, and based on the pretense of omniscience.

Under *Booker*, the sentencing guidelines no longer stand as such a mandatory ideal.  In a very real sense, however, the executive branch is continuing to campaign for such a supposedly scientific equation of justice, without mentioning the wholly unscientific and overwhelming discretion it exercises over the sums that equation produces.  In that regard, the executive wants to be prosecutor and judge.  And, in a display of its wisdom and qualifications for that lofty job, the executive arbitrarily claims that any sum lesser than what it contrives is unreasonable and contrary to law.

In the end, the Constitution divides certain powers of government among three very imperfect branches and sets forth prohibitions against the government abridging certain individual rights.  The judicial branch bears the duty to moderate independently the fact-specific trials and punishments rendered in federal court.  The Court cannot fulfill its duty by relying exclusively on a

---

[4]Its power over the sentencing process is also greatly enhanced by its ability to offer substantial assistance credit under U.S.S.G. 5K1.1.

[5]Limiting the Court's discretion within the narrow confines of the guideline matrix does not provide the judiciary with a meaningful opportunity to impose a fair sentence as contemplated by the statute.

fixed equation that supposedly translates generalities to unexceptionally reasonable and right judgments.  In reality, no written law ever crafted by humans has achieved that ideal.  Although some may aspire to become prosecutor-judges on the notion such an equation exists and requires but a single real operator, the Constitution supplies the judicial branch as an independent check in a system prone to domination by executive discretion.[6]

Because the government's position is contrary to *Booker* and is inconsistent with the fundamental separation of powers essential in our form of government, the Court rejects the government's argument.  The Court's sentencing discretion is not limited to that sentence which the government advocates (a guideline sentence).[7]  Instead, this Court will consider the guidelines on an advisory basis in the context of the statutory factors set forth in 18 U.S.C. 3553.

The statute sets forth various factors for the Court to consider.  The stated congressional goal is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the statute.  In addition, to the nature and circumstances of the offense and the history

---

[6]The wisdom of vesting such power in the hands of the prosecutor should be viewed in light of recent conduct observed by this Court.  *See, e.g., United States v. Lyons*, 352 F. Supp. 2d 1231 (M.D. Fla. 2004) (involving *Brady* violations and obstruction by a federal prosecutor); *In re Belvett*, 2005 WL 852649 (M.D. Fla. 2005) (involving a prosecutor preemptively suggesting that his discretionary recommendation on a 5K1.1 sentencing departure was the sole measure of a just sentence; *United States v. Delgado*, 6:05-cr-30 (Doc. 42) (M.D. Fla. 2005) (involving a prosecutor's misuse of procedural discretion vested for a particular purpose).

[7]In the context of sentencing, counsel for the government has abandoned its role as an officer of the Court attempting to assist the Court in reaching a just sentence.  Rather, the government seems interested only in espousing an arbitrary policy of strict adherence to the sentencing guidelines.  Indeed, the government has assumed the position of an adversary in this regard.  For example, all U.S. Attorneys have been instructed to report to Washington any judge who deviates from the guidelines.  *See* DOJ Sentencing Policy Memo, *supra* note 3.  And, although these forms are intended to be used to support the Department of Justice's effort to influence public policy, they are maintained in secret.  This Court's request for a copy of his forms has been denied.  (Exhibits B and C).

and characteristics of the defendant, the Court must consider, *inter alia*, (1) the seriousness of the offense,  (2) promotion of respect for the law, (3) just punishment for the offense, (4) deterrence to criminal conduct, and (5) protection of the public from further crimes by the defendant.

With respect to Williams, the Court has already alluded to the nature and seriousness of the offense and Williams' criminal history.  In short, Williams is a low-level drug dealer and was convicted of selling relatively small amounts of crack cocaine.  His lengthy criminal history is accounted for by his category VI criminal history.

As to a sentence that will promote respect for the law, the Court has also commented above on the disingenuous position espoused by the government which displays disrespect of the law.  In addition, the Court notes that it was the government that decided to arrange a sting purchase of crack cocaine.[8]  Had the government decided to purchase powder cocaine (consistent with Williams prior drug sales), the base criminal offense level would have been only 14, producing a sentencing range of 37-46 months for an offender with Williams' criminal history.  Promotion of respect for the law in this case does not support a sentence within the guideline range.[9]

A guideline sentence is inappropriate for another reason.  Whatever base offense level is applied, Williams' past criminal conduct has been taken into account by his category VI criminal history.  Thus, an offense level 28 (his base offense level for 34 grams of crack) produces a

---

[8]The Court is mindful of the substantial criticism of the sentencing disparity between powder cocaine and crack cocaine–same drug in different forms.  The Court is also aware of the evidence suggesting that this disparity has a discriminatory impact on African Americans of whom Williams is one.

[9]According to the government's rationale, a life sentence would be fair, but a sentence of 359 months would be unreasonable.

minimum sentence of 140 months as opposed to 78 months for a first offender.  Yet the layering of Chapter 4 enhancements results in a double-compounding effect, increasing Williams' minimum guideline sentence to 360 months in light of the same criminal conduct.  This sort of arbitrary compounding results in a guideline sentence much greater than that necessary to comply with the statutory purposes.  In short, a sentence of 30 years to life would not provide just punishment.  Rather, such a harsh sentence would be totally out of character with the seriousness of this offense and is not necessary to afford adequate deterrence to criminal conduct or to protect the public from further crimes by this Defendant.  Rather than promoting respect for the law, a guideline sentence would have the opposite effect.

In considering all of the statutory factors, including the sentencing guidelines, the Court imposes a sentence of 204 months.  This is a substantial term for a relatively minor offense.  But, given the circumstances (crack versus powder cocaine) and Williams' long history of selling illegal drugs, a lengthy sentence is warranted.  A guideline sentence, however, is not.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 5, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Aaron Eric Williams

-7-